IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMUNDO MARRUFO,

        Plaintiff,

v.     No. CV 15-01086 WJ/SMV

THE UNITED STATES BORDER PATROL,

        Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon the Motion to Dismiss and Memorandum in Support (**Doc. 9**), filed February 10, 2016 by Defendant United States Border Patrol ("Defendant" or "Border Patrol"). Having reviewed the parties' filings and the applicable law, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**, for the reasons stated in this Memorandum Opinion and Order.

#### BACKGROUND

Plaintiff Raymundo Marrufo ("Plaintiff" or "Mr. Marrufo") lives in Deming, New Mexico and has been diagnosed with Post-Traumatic Stress Disorder. Mr. Marrufo is a legal participant in the New Mexico Medical Cannabis Program to treat this disorder. The New Mexico Medical Cannabis Program is authorized by the Lynn and Erin Compassionate Use Act, N.M. STAT. ANN. § 26-2B-1 (2007). In order to obtain medical marijuana from a licensed dispensary, Mr. Marrufo must drive from Deming, New Mexico to Las Cruces, New Mexico. The trip between Deming and Las Cruces requires Mr. Marrufo to drive through a Border Patrol

checkpoint located twenty-two (22) miles west of Las Cruces on Interstate 10. While stopped at this Border Patrol checkpoint, Mr. Marrufo alleges that he is asked whether he is in possession of any illegal drugs. As marijuana is a Schedule I controlled substance under federal law, Mr. Marrufo contends that this question requires him to either admit that he is in possession of illegal drugs, or deny that he possesses illegal drugs and therefore lie to a federal government agent.

In December 2014, Congress passed the Rohrabacher–Farr Amendment to the Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113–235, 128 Stat. 2130. This Amendment states that "[n]one of the funds made available in this Act to the Department of Justice may be used, with respect to the States of . . . New Mexico [and other states with medical marijuana programs] . . . to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *Id*. at § 538.  Because Border Patrol agents are being paid by the federal government when they question  Mr. Marrufo, he argues that they violate the Rohrabacher–Farr Amendment.  Mr. Marrufo requests a permanent injunction requiring the Border Patrol to cease questioning U.S. citizens regarding medical marijuana in any states where the use of medical marijuana has been approved.

Plaintiff filed his Verified Complaint for Permanent Injunction (**Doc. 1**) on November 30, 2015. Defendant filed a Motion to Dismiss (**Doc. 9**) on February 10, 2016. Plaintiff filed a Response (**Doc. 11**) on February 15, 2016, and Defendant filed its Reply (**Doc. 20**) on April 4, 2016.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a

complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Defendant's Motion to Dismiss argues that Plaintiff has failed to allege that the United States Government has waived sovereign immunity, and alternatively, has failed to identify an applicable statutory waiver of sovereign immunity. The party invoking federal jurisdiction bears the burden of proof. *See Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). While Plaintiff has alleged that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. § 1988, and the Rohrabacher–Farr Amendment, none of these statutory provisions waives sovereign immunity. Next, Defendant argues that by its very terms, the Rohrabacher–Farr Amendment applies only to the Department of Justice. As the Border Patrol is under the Department of Homeland Security, the Rohrabacher–Farr Amendment does not apply. Because Plaintiff has failed to identify an applicable statutory waiver of sovereign immunity, Defendant argues that Plaintiff's Complaint must be dismissed.

In his Response, Plaintiff argues that 5 U.S.C. § 702 of the Administrative Procedure Act

3

provides a waiver of sovereign immunity, as it waives governmental immunity for actions seeking relief other than money damages. Alternatively, Plaintiff argues that subject matter jurisdiction exists to defeat Defendant's Motion to Dismiss because the Border Patrol's actions in contravention of the Rohrabacher–Farr Amendment are *ultra vires* and beyond a federal officer's powers. As to Defendant's argument that the Rohrabacher–Farr Amendment applies only to the Department of Justice, Plaintiff argues that while the Department of Justice is the only expressly limited agency under the Rohrabacher–Farr Amendment, the Department of Justice represents the Border Patrol in this proceeding. In essence, Plaintiff argues that the Department of Justice must expend funds in violation of the Rohrabacher–Farr Amendment in order to defend the Border Patrol in lawsuits such as the one at bar. Plaintiff also points to the legislative intent during the passage of the Rohrabacher–Farr Amendment. He cites statements by Rep. Alcee Hastings and Rep. Dana Rohrabacher indicating that the amendment seeks to prohibit the Drug Enforcement Administration and the federal government from using funding to arrest state-licensed medical marijuana patients. *See* 160 Cong. Rec. 82, H4914, H4984 (daily ed. May 29, 2014). Plaintiff extrapolates that the legislative intent was to generally prevent the federal government and its enforcers, in broad and general terms, from arresting state-licensed medical marijuana patients.

     In reply, Defendant argues that § 702 of the Administrative Procedure Act is only a limited waiver of sovereign immunity and does not provide jurisdiction where there is no law to apply. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Plaintiff must, and cannot, identify a source of substantive law which provides the Court with a manner of determining whether the agency's actions violated the law. Defendant notes that Plaintiff does not allege in his Complaint that the funds made available for the Department of Justice were somehow made available to the

Border Patrol for its inspection duties at checkpoints. Finally, Defendant argues that the Department of Justice's defense of this lawsuit does not in any way prevent New Mexico from implementing its medical marijuana program. Regardless, the Department of Justice is statutorily obligated to defend the Border Patrol. *See* 28 U.S.C. §§ 516, 519.

The Court agrees with Defendant that while 5 U.S.C. § 702 of the Administrative Procedure Act provides a limited waiver of sovereign immunity, Plaintiff must also identify some source of substantive law to provide the Court with a manner of determining whether the agency's action violated the law. In this case, Plaintiff's only source of substantive law is based upon a House of Representatives Amendment to the Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113–235, 128 Stat. 2130. The Court finds that this is an insufficient basis for waiving sovereign immunity and providing this Court with jurisdiction.

Assuming the Court agrees with Plaintiff that 5 U.S.C. § 702 combined with the Rohrabacher–Farr Amendment provides subject matter jurisdiction over the matter, Plaintiff's second stumbling block is that the Rohrabacher–Farr Amendment expressly applies to the Department of Justice, while the Border Patrol is under the Department of Homeland Security. Both the plain text of the Amendment and the limited case law on this issue support this interpretation. *See* Pub. L. No. 113–235, 128 Stat. 2130 ("None of the funds made available in this Act to the Department of Justice . . . ."); *United States v. Tote*, No. 1:14–mj–00212–SAB, 2015 WL 3732010, at *3 n.1 (E.D. Cal. June 12, 2015) ("It must also be noted that the arresting agency in this case is the United States Forest Service, an agency of the United States Department of Agriculture, not the Department of Justice. Under the Rohrabacher–Farr Amendment, the Forest Service's actions would not bar them from enforcing federal law . . . ."). While Plaintiff notes that during the Amendment's passage, certain legislators discussed the

5

federal government and the Drug Enforcement Administration, the Court does not agree that oblique references to the "Feds" or "federal government" supersede the plain text of the Amendment itself. Moreover, the Drug Enforcement Administration is a law enforcement agency under the Department of Justice. The Court also agrees with Defendant that the potential use of funds by the Department of Justice in defending this civil litigation does not involve the Department of Justice using funds to prevent New Mexico from implementing its medical marijuana program.

Thus, the Court finds that Plaintiff has not pled a sufficient basis to establish a waiver of sovereign immunity which is essential for this Court to have subject matter jurisdiction to hear this case. Moreover, even if this Court had subject matter jurisdiction over Plaintiff's claims, the Rohrabacher–Farr Amendment expressly applies to the Department of Justice, while the Border Patrol is under the Department of Homeland Security.

Accordingly, the Court grants Defendant's Motion to Dismiss and this case is hereby **DISMISSED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE